## LUMBER TOWNSHIP v. CAMERON COUNTY.

APPEAL BY RESPONDENT FROM THE COURT OF COMMON PLEAS
OF CAMERON COUNTY.

Argued March 18, 1890—Decided April 7, 1890.

Under the act of March 21, 1865, P. L. 506, and its supplements, provid-
ing for the appointment of commissioners to lay out and open a state
road in Cameron and Potter counties, and for the payment therefor to
the commissioners of one half the road taxes upon unseated lands,
yearly, the commissioners are not entitled to any portion of such taxes
levied after the road is completed, even though a part of the indebted-
ness created in opening it remains unpaid.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 91 January Term 1890, Sup. Ct.; court below, No. 12
September Term 1889, C. P.

On May 24, 1889, a petition was presented on behalf of the
supervisors of Lumber township, praying upon the facts set
out that a mandamus might issue directed to the county com-
missioners commanding them to draw a warrant upon the
county treasurer, in favor of said township, for the sum of
$581.07, one half the road taxes on unseated lands in said
township for the years 1886, 1887 and 1888, in the custody of
the county treasurer.

A rule to show cause having issued, the respondents an-
swered, whereupon, after argument, the court, MAYER, P. J.,
filed an opinion as follows :

The supervisors of Lumber township have presented their
petition to the court, alleging that by the report of the county
auditors filed on the 20th day of February, 1889, of the account
of the county treasurer of the road taxes of the township of Lum-
ber for the years 1886, 1887 and 1888, there was a balance found
due to said township from the county treasurer of the sum of
$581.07 ; that said report was unappealed from, and that said
balance of $581.07 has never been paid over to the township,

Opinion of Court below.

nor has an order been drawn by the county commissioners for the same; that the commissioners have declined to draw an order for the said balance of $581.07, although notified and requested so to do; and praying that a mandamus may issue requiring the commissioners to draw an order on the county treasurer for the said sum of $581.07 in favor of the township of Lumber. The commissioners of the county have filed their answer to the rule to show cause why a mandamus should not issue, setting forth, as a reason for refusing to draw said order, that the said sum of $581.07 is claimed by the Lumber and Wharton State Road commissioners, but that they are willing to pay said sum to either the township of Lumber or the Lumber and Wharton State Road commissioners, whenever it is determined which of said claimants is entitled to receive it.

We think it is very clear that the Lumber and Wharton State Road commissioners are not entitled to receive this fund, as an examination of the acts of assembly under which they were appointed and from which they derive their powers, will show.

By an act of assembly approved March 21, 1865, P. L. 506, commissioners were appointed to lay out and open a state road in the counties of Cameron and Potter. By the third section of this act, it was provided that one half of the whole amount of the road tax levied upon the unseated lands, lying in the townships of Lumber and Wharton, shall be paid to said road commissioners for the purpose of constructing said road and carrying out the provisions and intentions of said act, during the year 1864, and yearly thereafter, until said road is completed. The residue of this section authorizes the state road commissioners to levy and assess a tax, not exceeding five mills on the dollar in any one year, on the unseated assessed property in said townships, for the year 1865, and yearly thereafter, until said road is completed, if one half of the road taxes should be deemed insufficient. By the sixth section of the act it is provided that the powers of the original commissioners shall continue until the road is completed, when they shall make out a report, showing the money received and expended by them, with complete description of the road and the average cost per rod of building the same, which report shall be filed of record in the Court of Quarter Sessions of Cameron county; that

Opinion of Court below.

thereupon the said court shall appoint one commissioner, a resident of Lumber township, and one, a resident of Wharton township, with power to take charge and supervision of said road, and to levy, assess and collect, in the same manner and upon the same property only, as is mentioned and provided for in the third section of this act, a tax not exceeding two and one half mills on the dollar, in any one year, to be used by them in and about the repairing and keeping up of said road.

On April 4, 1866, P. L. 472, a supplement was passed to the act of March 21, 1865, which in the first section increased the rate of taxation and the number of bonds and the rate of interest. The third section of the supplement prescribes a specific mode for levying, assessing and collecting the taxes for said road. It provides that instead of levying, assessing and collecting the taxes for said road, as prescribed in said act to which it is a supplement, the said road commissioners shall assess, levy and collect the same as follows: In the month of January or February in each and every year, said road commissioners shall meet and agree upon the amount of taxes needed for the year, and thereupon shall make out a certificate signed by at least two of said commissioners in the following form: . . . . and shall file the same in the commissioners' office in and for the counties of Potter and Cameron, and thereupon the county commissioners shall proceed to levy and collect the same, the same as county taxes are now levied and collected by law on unseated lands.

On April 13, 1869, P. L. 930, an act was passed authorizing the commissioners to levy, assess and collect an additional tax of five mills, until said road was finished and paid for.

An examination of these several acts of assembly shows that these state road commissioners are not entitled to any portion of the road taxes levied by the supervisors after the road is completed. The act of 1865 expressly provides that one half of said road taxes shall be paid to said road commissioners, for the purpose of constructing said road, " until said road is completed." It is admitted in the answer of the county commissioners and conceded on all hands, that said road has been completed for a number of years, and hence the right to any portion of said road taxes levied by the supervisors, is at an end.

### Opinion of the Court.

But it is contended, that a portion of the bonds issued by the road commissioners, in pursuance of said act of 1865 and the supplement of 1866, are still outstanding and unpaid, and that the road commissioners are entitled to this fund of $581.07 to pay off said indebtedness; that the act of 1869, authorizes the road commissioners to levy and collect a tax, until the road is finished and paid for.

It is questionable whether these state road commissioners have authority to assess and collect any tax, until it is shown that they have complied with the provisions of the sixth section of the act of 1865, which requires them to make out a report showing the moneys received and expended by them, with a description of the road and the average cost per rod of building the same, so that it can be ascertained whether the commissioners are entitled to assess and collect any more taxes. But assuming that they are authorized to assess and collect further taxes, it does not follow that they are entitled to receive this sum of $581.07.  They must levy and collect the tax, in accordance with the provisions of the act of 1866, and cannot claim any portion of the road taxes levied by the supervisors, as the township is exempt from the payment of road taxes after the road is completed.

We are therefore of the opinion that the supervisors of Lumber township are clearly entitled to this sum of $581.07, and that a mandamus should issue requiring the county commissioners to draw an order in favor of the supervisors of Lumber township on the county treasurer for the said sum of $581.07. Mandamus awarded.

—The respondents then took this appeal assigning the order awarding the mandamus as error.


*Mr. J. C. Johnson* (with him *Mr. J. P. McNarney*), for the appellant.


*Mr. B. W. Green*, for the appellee.


PER CURIAM:

This case is affirmed, upon the opinion of the learned judge of the court below.

Judgment affirmed.